**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**SOUTHERN DIVISION**
**AT PIKEVILLE**

**CIVIL ACTION NO. 08-180-DLB**

**GREGORY SMITH**                                                                        **PLAINTIFF**


**vs.**                              **MEMORANDUM OPINION & ORDER**


**MICHAEL J. ASTRUE, Commissioner**
**SOCIAL SECURITY ADMINISTRATION**                                    **DEFENDANT**

*     *     *     *     *     *     *     *

       This action was brought pursuant to 42 U.S.C. § 405(g) to obtain judicial review of

an administrative decision of the Commissioner of Social Security.   The Court, having

reviewed the record and the parties' dispositive motions, will affirm the Commissioner's

decision, as it is supported by substantial evidence.

                    **I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

       Plaintiff Gregory Smith applied for a period of disability and disability insurance

benefits on October 3, 2005.  (Tr. 63-65).  At the time of filing, Plaintiff was 49 years old

and alleged a disability onset date of June 30, 2005.  (Tr. 63).  Plaintiff alleges that he is

unable to work due to back, stomach, and heart problems, and further alleges he suffers

from shortness of breath and lightheadedness. (Tr. 80).  His application was denied initially

and again on reconsideration.  (Tr. 54-62).  At Plaintiff's request, an administrative hearing

was conducted on February 13, 2008.  (Tr. 243-60). On April 2, 2008, Administrative Law

Judge (ALJ) Charlie P. Andrus ruled that Plaintiff was not disabled and therefore not

entitled to a period of disability and disability insurance benefits.  (Tr. 16-22).  This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review on July 25, 2008.  (Tr. 5-7).

On September 8, 2008, Plaintiff filed the instant action.  (Doc. #2).  The matter has culminated in cross-motions for summary judgment, which are now ripe for adjudication. (Docs. #12, 13).

## II. DISCUSSION

### A.      Overview of the Process

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729 (6th Cir. 2007).  "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Courts are not to conduct a *de novo* review, resolve conflicts in the evidence, or make credibility determinations.  *See id.*  Rather, we are to affirm the Commissioner's decision, provided it is supported by substantial evidence, even if we might have decided the case differently.  *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  Even if there is evidence favoring Plaintiff's side, the Commissioner's findings must be affirmed if supported by substantial evidence.  *Listenbee v. Sec'y of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  Similarly, an administrative decision is not subject to reversal merely because substantial evidence would have supported the opposite

2

conclusion. *Smith v. Chater*, 99 F.3d 780, 781 (6th Cir. 1996).

The ALJ, in determining disability, conducts a five-step analysis. Step 1 considers whether the claimant still performs substantial gainful activity; Step 2, whether any of the claimant's impairments, alone or in combination, are "severe"; Step 3, whether the impairments meet or equal a listing in the Listing of Impairments; Step 4, whether the claimant can still perform her past relevant work; and Step 5, whether a significant number of other jobs exist in the national economy which the claimant can perform. As to the last step, the burden of proof shifts from the claimant to the Commissioner. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003); *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### B.     The ALJ's Determination

Eligibility for disability insurance benefits is dependent upon the Plaintiff's ability to show he became disabled on or prior to the date last insured. *Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990); *Higgs v. Bowen*, 880 F.2d 860, 862 (6th Cir. 1988). The ALJ concluded that Plaintiff has not been under a disability within the meaning of the Social Security Act at any time from June 30, 2005, his alleged onset date, through December 31, 2006, the date last insured.

At Step 1, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of June 30, 2005 through his date last insured of December 31, 2006. (Tr. 18). At Step 2, the ALJ found that Plaintiff's lumbar spine pathology causing chronic pain and degenerative joint disease constituted medically severe impairments, while finding the Plaintiff did not sustain a severe heart pathology. (Tr. 18-19). At Step 3, the ALJ found that Plaintiff did not have an impairment or combination of

3

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, through the date last insured.  (Tr. 19).

At Step 4, the ALJ found that Plaintiff possessed the residual functional capacity (RFC) to perform the exertional requirements necessary for light work with a limitation not to climb ladders, stoop, crouch, kneel or crawl.  (Tr. 19).  Additional nonexertional and postural limitations included a sit/stand option every thirty minutes and an absolute restriction on anything that would subject the Plaintiff's body to vibrations.  (Tr. 19).  In determining the Plaintiff's RFC, the ALJ appropriately considered factors other than the objective medical evidence in assessing the severity of Plaintiff's symptoms such as: (1) Plaintiff's daily activities; (2) the location, duration, frequency and intensity of Plaintiff's pain or other symptoms; (3) medication the Plaintiff uses to alleviate pain or other symptoms; and (4) treatment other than medication used to relieve pain or other symptoms.  (Tr. 19-20).  *See* 20 C.F.R. § 404.1529(c).

Based upon the RFC, the ALJ concluded that Plaintiff is unable to perform his past relevant work as a coal truck driver.  (Tr. 21).  At Step 5, however, the ALJ appropriately considered the Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, and concluded the Plaintiff can perform a significant number of jobs that exist in the national economy.  Specifically, the vocational expert testified that Plaintiff could perform work as a hand packer, production inspector, information clerk, officer helper, surveillance system monitor, or as a bench work laborer.  (Tr. 22).  The ALJ, therefore, concluded Plaintiff was not disabled–as that term is defined under the Social Security Act–on or prior to his date last insured.  (Tr. 22).

4

C.    **Analysis**

Plaintiff's sole contention on appeal is that the ALJ improperly substituted his own opinion for that of Dr. Frederic Huffnagle.  More specifically, the Plaintiff contends ALJ Andrus was required to obtain another medical opinion before he could properly reject Dr. Huffnagle's medical assessment that Plaintiff exhibited some "neural involvement" associated with neural foramen narrowing.  (Tr. 220).  Dr. Huffnagle conducted a one-time examination of Plaintiff on December 3, 2007, while the last state agency residual functional capacity assessment took place on May 2, 2006.  (159-66).  As a result, "no medical professional of record" had the opportunity to review Dr. Huffnagle's consultative examination results, which Plaintiff maintains was in error.  (Doc. #12-3, at 3).

What Plaintiff seems to be arguing is that the ALJ, as an unqualified layperson, was not at liberty to determine that Dr. Huffnagle's assessment was insufficient to substantiate a disability finding independent of additional review by a medical expert.  The ALJ, however, did not commit reversible in reviewing the results of Dr. Huffnagle's consultative examination himself. It is the duty of the ALJ to evaluate the totality of the objective medical record, weigh the evidence, and resolve any inconsistencies in the record.  *Richardson v. Perales*, 402 U.S. 389, 399 (1971).  The ALJ rejected Dr. Huffnagle's assessment because it was "not consistent with the consultative examiner's findings, or the objective findings from the claimant's treating physicians, or State Agency medical experts, who reviewed the record."  (Tr. 20).

In *Higgs v. Bowen* the Sixth Circuit held that an ALJ has a duty to consider subsequent medical evidence of a plaintiff's condition after his date last insured to the extent the evidence is relevant to the plaintiff's condition preceding the date last insured.

5

880 F.2d at 863. Dr. Huffnagle's one-time consultative exam occurred almost a year after Plaintiff's disability insurance lapsed. (Tr. 213). That said, the evidence procured from Dr. Huffnagle's examination is certainly relevant to Plaintiff's claim of disabling lower back pain in that his report indicates possible nerve impingement affecting Plaintiff's lower back and legs. (Tr. 213-20). Despite its relevance to Plaintiff's alleged debilitating condition, Dr. Huffnagle's opinion was properly rejected by the ALJ as inconsistent with the assessments of Plaintiff's treating physician and consultative examiner. (Tr. 20).

It is the province of the ALJ to evaluate every medical opinion contained in the record, but not all medical opinions must, nor should they, be treated equally. *Smith v. Comm'r Soc. Sec.*, 482 F.3d 873, 875 (6th Cir. 2007). The SSA will attribute the most weight to "opinions from [the claimant's] treating sources, since these sources are likely to be medical professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s)..." 20 C.F.R. § 404.1527(d)(2); *see Smith*, 482 F.3d at 875. That ALJ Andrus rejected the opinion of Dr. Huffnagle in light of the findings of Plaintiff's treating physician Dr. Hanna, and consultative examiner Dr. Monderewicz, who assessed that Plaintiff was only mildly impaired and was to avoid bending and lifting is completely within his province as such opinions constitute substantial evidence to support the ALJ's disability determination. (Tr. 148, 183).

Plaintiff relies on the Second Circuit case *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998), to argue that the ALJ improperly "set his own expertise against that of physicians". (Doc. #12-3, at 4). In that case, the court held that because the Commissioner failed to offer–and the ALJ did not specify–any evidence to rebut the treating physicians conclusions that the plaintiff could not perform sedentary work, he improperly

6

set his own expertise against that of plaintiff's treating physicians who concluded plaintiff could not perform sedentary work. *Id.* at 81.  In a footnote, Plaintiff acknowledges that contrary to the facts at issue in *Balsamo*, Dr. Huffnagle is not a treating physician.  (Doc. #12-3, at 5).  Plaintiff submits that this does not alter his argument that ALJ Andrus improperly substituted his own medical expertise for that of Dr. Huffnagle.  This Court disagrees.  That Dr. Huffnagle is not a treating physician is extremely significant in light of the fact that the ALJ properly cited the opinion of Plaintiff's own treating physician and a consultative examiner who disagreed with Dr. Huffnagle.  (Tr. 148, 183). Consistent with the SSA's regulations, the ALJ properly attributed controlling weight to Plaintiff's treating physician over and above the opinion of Dr. Huffnagle's one-time consultative examination. 20 C.F.R. § 404.1527(d)(2).  Accordingly, the ALJ did not impermissibly substitute his own opinion for that of Dr. Huffnagle because a determination as to a plaintiff's residual functional capacity is a legal conclusion made once the ALJ has considered all the evidence and resolved any  conflicts within the record.  *See Roy v. Apfel*, 23 F. App'x 389, 390 (6th Cir. 2001).

### III. CONCLUSION

Therefore, for the reasons stated herein, the Court concludes that the ALJ's RFC determination and his finding that the Plaintiff was not disabled on or prior to his date last insured is supported by substantial evidence.  Accordingly,

**IT IS ORDERED as follows:**

1.    The decision of the Commissioner is supported by substantial evidence and
      is hereby **AFFIRMED**;

2.      Plaintiff's Motion for Summary Judgment (Doc. #12) is hereby **DENIED**;

3.      Defendant's Motion for Summary Judgment (Doc. #13) is hereby **GRANTED**;

4.      A separate Judgment affirming this matter will be entered contemporaneously herewith.

This 15th day of December, 2009.



Signed By:

*David L. Bunning*

**United States District Judge**

G:\DATA\SocialSecurity\MOOs\7-08-180-SmithMoo.wpd